UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KURT KANZLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-02058-SEB-MKK |
| ) | |
| ROBERT BOSCH, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. Dkt. 7. Plaintiff Kurt Kanzler's complaint against Defendant Robert Bosch LLC ("Bosch") alleges that he was unlawfully discriminated against when Bosh refused to hire him on account of his national origin, in violation of Title VII of the Civil Rights Act of 1964. Bosch challenges the legal sufficiency of his complaint, arguing that it fails to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, we **DENY** Defendant's motion to dismiss.

**Factual Background**

In July 2023, Mr. Kanzler, a Mexican national holding a Treaty NAFTA visa ("TN visa"),[1] applied for a position at Bosch for which he satisfied the required skills/education

---

[1] We take judicial notice of the fact that a TN visa is a nonimmigrant visa which "permits qualified Canadian and Mexican citizens to seek temporary entry into the United States to engage in business activities at a professional level." United States Citizenship and Immigration

1

qualifications. Dkt. 1-1 ¶ 5. During Bosch's interview of Mr. Kanzler, Mr. Kanzler informed Bosch of his immigration status. *Id.* ¶ 8. Approximately three and a half hours following the interview, Bosch informed Mr. Kanzler by email that it was no longer considering him for the position due to his immigration status. *Id.* at 10.

On October 22, 2024, Mr. Kanzler filed a complaint against Bosch in the Marion Superior Court alleging that Bosch had refused to hire him on account of his national origin in violation of Title VII of the Civil Rights Act of 1964. *Id.* at ¶¶ 16–18. On November 20, 2024, Bosch removed the case to this Court on the basis of our federal question jurisdiction. Mr. Kanzler did not challenge the removal. Now before the court is Bosch's motion to dismiss Mr. Kanzler's complaint, which motion is fully briefed and ripe for ruling.

## Legal Analysis

### I.     Motion to Dismiss Standard

In resolving a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all "well-pleaded factual allegations" in the Complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Regarding the legal sufficiency of the asserted claims, the Court asks "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In responding to that inquiry, the Court

---

Services, https://www.uscis.gov/working-in-the-united-states/temporary-workers/tn-nafta-professionals (last visited April 10, 2025).

focuses on the well-pled facts, as opposed to any conclusory statements or "threadbare recitals of the elements of a cause of action," in an effort to determine whether the factual averments "permit the court to infer more than the mere possibility of misconduct." *Id.*

At the motion to dismiss stage, "the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original). The Seventh Circuit has held that the plaintiff's pleading must answer several "key questions": (1) "what, exactly, does it take to give the opposing party 'fair notice'"; (2) "how much detail realistically can be given, and should be given, about the nature and basis or grounds of the claim"; and (3) "in what way is the pleader expected to signal the type of litigation that is being put before the court?" *Moss v. Continental Tire the Americas, LLC*, No. 24-CV-01477-SPM, 2024 WL 5088370, at *2 (S.D. Ill Dec. 12, 2024) (citing *Swanson*, 614 F.3d at 404).

## II.    Discussion

To state a claim of discrimination under Title VII, a plaintiff "must advance plausible allegations that []he experienced discrimination because of [his] protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (citation omitted). Under Title VII, it is unlawful for an employer to "refuse to hire . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin." 42 U.S.C. § 2000e-2(a)(1). "National origin refers to the country from which the individual or his forebears came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 94 (1973)

3

(quotation omitted). But, as Mr. Kanzler concedes, "national origin" does not refer to a person's citizenship. *Id.* at 95. Therefore, it is not illegal to discriminate based on a person's immigration status. *Id.*

In support of its motion to dismiss, Bosch asserts that Mr. Kanzler's removal from the hiring pool was based on his citizenship, which is not violative of Title VII, and that Mr. Kanzler's contrary allegation that Bosch was engaging in prohibited national origin discrimination is mere speculation without factual support in the complaint. Mr. Kanzler contends that he has alleged sufficient facts from which a plausible inference could be drawn that Bosch's alienage rationale was a proxy for national origin discrimination, which the United States Supreme Court has recognized is prohibited under Title VII. *See id.* at 92 ("Title VII prohibits discrimination on the basis of citizenship whenever it has the purpose or effect of discriminating on the basis of national origin").

For support, Mr. Kanzler cites his interview with Bosch, wherein he disclosed his national origin and immigration status contemporaneously, and informed Bosch that, because he was not required to have a sponsor under the TN visa procedures, his employer would be required only to acknowledge his job offer and/or current employment in the United States. *Id.* at ¶¶ 8–10. Mr. Kanzler contends that because Bosch did not inform him immediately upon learning of his immigration status that it could not hire him and instead withdrew the offer only after a three-and-one-half hour delay, the company's stated rationale was plausibly pretextual. In the alternative, Mr. Kanzler argues that even if Bosch did not use his immigration status as a pretext, the

4

delay was indicative of an ad hoc decision-making process that plausibly created a disparate impact on a person such as himself of Mexican descent.

In applying the *Swanson* factors, Mr. Kanzler has clearly informed Bosch that his suit is based on national origin discrimination, pursuant to Title VII, a type of litigation, as the Seventh Circuit has held, with which "employers are familiar [as] discrimination claims . . . so little information is required to put them on notice." *Moss*, 2024 WL 5088370, at *3 (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (cleaned up)). Thus, we must determine whether Mr. Kanzler's complaint contains sufficient facts to raise an inference that the alleged discrimination plausibly occurred. *See Swanson*, 614 F.3d at 404.

Mr. Kanzler is not required to plead a *prima facie* case of employment discrimination in his complaint. *Kaminski*, 23 F.4th at 777. To survive a motion to dismiss, he must "only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected with [his] protected characteristics." *Id.* Here, Mr. Kanzler has alleged that Bosch learned of his national origin and immigration status contemporaneously during the interview, that he informed Bosch of the relatively minimal administrative burden on an employer to comply with his TN visa requirements, and that Bosch waited several hours before coming up with the explanation that he was ineligible for hire because of his visa status. Based on these allegations, we cannot determine at this stage of the litigation whether Mr. Kanzler's citizenship status was the true reason that Bosch did not hire him or whether Bosch merely used his citizenship

status as a proxy for national origin discrimination. In any event, Mr. Kanzler's complaint contains sufficient detail to state a plausible claim that Bosch's explanation was a pretext for discrimination based on national origin. Accordingly, viewing the complaint in the light most favorable to Mr. Kanzler, his claim for national origin discrimination is "enough to raise a right to relief above the speculative level" which allows his complaint to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 570. Thus, Bosch's motion to dismiss must be denied.

## Conclusion

For the reasons detailed above, the Defendant's Motion to Dismiss [Dkt. 7] is **DENIED**. The case shall proceed accordingly.

IT IS SO ORDERED.

Date: 4/10/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
bellis@hkm.com

Emily Friedman
Smith, Gambrell & Russell, LLP
efriedman@sgrlaw.com